Jonathan B. Frutkin 025993
Two Renaissance Square, Suite 1400
40 North Central Avenue
Phoenix, AZ 85004
480-295-3470

2:09-bk-12853

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF ARIZONA

In re
**Marek R Datz**
**Elzbieta Datz**

Case No.

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

Debtor(s).

SSN  **xxx-xx-1360**        SSN  **xxx-xx-1399**
   **14804 N. El Frio St.**
   **El Mirage, AZ 85335**
   **14804 N. El Frio St.**
   **El Mirage, AZ 85335**

☒ Original
☐ Amended
☐ Modified

Your rights may be affected by this Plan. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐   This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:
_____

(A)   **Plan Payments and Property to be Submitted to the Plan.**

   (1)  Plan payments start on . The Debtor shall pay the Trustee as follows:

      $ **732.00**  each month for month **1** through month **36** .

      The proposed plan duration is **36** months. The applicable commitment period is **36** months. Section 1325(b)(4).

   (2)  Debtor will submit the following property in addition to plan payments: *[Describe or state none]*

      **-NONE-**

(B)   **Trustee's Percentage Fee**. Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

1

2:09-bk-12853

(C) **Treatment of Administrative Expenses and Claims**. Except as specified for adequate protection payments under (C)(1) or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) *Adequate protection payments*. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

(2) *Administrative expenses*. Section 507(a)(2).

(a) Attorney fees. Debtor's attorney received $ **1,500.00** before filing. The balance of $ **3,000.00** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

(b) Other Administrative Expenses. [Describe]

☐ See Section (J), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts*. Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

(a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

(b) Rejected:

| Creditor | Property Description |
|---|---|
| -NONE- | |

☐ See Section (J), Varying Provisions.

(4) *Claims Secured **Solely** by Security Interest in Real Property*. Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Owed Through |
|---|---|---|---|
| Citi Mortgage, Inc. 14804 North El Frio Street El Mirage, AZ 85335 | 119,000.00 | 7,236.00 | |

☐ See Section (J), Varying Provisions.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

(5) ***Claims Secured by Personal Property or a Combination of Real and Personal Property***. Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid As Secured Claim Under Plan, with such amount paid through the Plan payments. However, if the creditor's proof of claim amount is less than the Amount of Secured Claim to Be Paid Under the Plan, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| **Onpoint Community Cu** **2006 Honda Accord EXL** | **17,534.00** | **12,375.00** | **12,375.00** | **4.90** |

☐ See Section (J), Varying Provisions.

(6) ***Priority, Unsecured Claims***. All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full in the following order:

    (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage |
|---|---|
| **-NONE-** | |

    (b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **-NONE-** | | |

☐ See Section (J), Varying Provisions.

(7) ***Codebtor Claims***. The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| **-NONE-** | | |

☐ See Section (J), Varying Provisions.

(8) ***Nonpriority, Unsecured Claims***. Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D) <u>**Lien Retention**</u>. Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

2:09-bk-12853

(E)  **Surrendered Property**. Debtor surrenders the following property. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Claimant | Property to be surrendered |
| --- | --- |
| -NONE- | |

(F)  **Attorney Application for Payment of Attorney Fees**. Counsel for the Debtor has received a prepetition retainer of $ **1,500.00** , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

☒ (1)(a) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $ **4,500.00** to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☒ Review of financial documents and information.
☒ Consultation, planning, and advice, including office visits and telephone communications.
☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
☒ Attendance at the § 341 meeting of creditors.
☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
☐ Responding to motions to dismiss, and attendance at hearings.
☐ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☐ Representation in any adversary proceedings.
☒ Representation regarding the prefiling credit briefing and post-filing education course.

(b) **Additional Services**. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor post-confirmation of the plan:

☐ Preparation and filing of Modified Plan $__.
☐ Preparation and filing of motion for moratorium $__.
☐ Responding to motion to dismiss, and attendance at hearings $__.
☐ Defending motion for relief from the automatic stay or adversary proceeding $__.
☐ Preparation and filing of any motion to sell property $__.
☐ Other __.

All other additional services will be billed at the rate of $__ per hour for attorney time and $__ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

☒ See Section (J), Varying Provisions.

☐ (2) **Hourly Fees**. For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $__ per hour for attorney time and $__ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G)  **Vesting**. Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

-NONE-

☐ See Section (J), Varying Provisions.

4

(H)  **Tax Returns**. While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*.

> **-NONE-**

(I)  **Funding Shortfall**. Debtor will cure any funding shortfall before the Plan is deemed completed.

(J)  **Varying Provisions**. The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G):

(1)  Flat fee attorney fee includes adversary proceeding to attempt to strip second mortgage lien.
(2)  Citi Bank: Debtor(s) intend to avoid lien under 522(f)(1) or 522(f)(2).

(K)  **Plan Summary**. If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Administrative Expenses | $3,000.00 |
| (2) | Priority Claims | $0.00 |
| (3) | Payments on Leases or to Cure Defaults, Including Interest | $7,236.00 |
| (4) | Payments on Secured Claims, Including Interest | $13,465.40 |
| (5) | Payments on Unsecured, Nonpriority Claims | $15.40 |
| (6) | SUBTOTAL | $23,716.80 |
| (7) | Trustee's Compensation (10% of Debtor's Payments) | $2,635.20 |
| (8) | Total Plan Payments | $26,352.00 |

(L)  **Section 1325 analysis**.

(1)  Best Interest of Creditors Test:

| | | |
|---|---|---:|
| (a) | Value of debtor's interest in nonexempt property | $0.00 |
| (b) | Plus: Value of property recoverable under avoiding powers | $0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $0.00 |
| (d) | Less: Amount payable to unsecured, priority creditors | $0.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | $0.00 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

(2)   Section 1325(b) Analysis:
     (a)   Amount from Line 59, Form B22C, Statement of Current Monthly Income   $   **-78.80**
     (b)   Applicable Commitment Period   $   **36**
     (c)   Section 1325(b) amount ((b)(1) amount times **36**)   $   **-2,836.80**
(3)   Estimated Payment to Unsecured, Nonpriority Creditors Under Plan   $   **15.40**

2:09-bk-12853

Dated:  **June 10, 2009**

**Marek R Datz**
Debtor

**Elzbieta Datz**
Debtor

**Jonathan B. Frutkin 025993**
Attorney for Debtor
**The Frutkin Law Firm, PLC**
**Two Renaissance Square, Suite 1400**
**40 North Central Avenue**
**Phoenix, AZ 85004**
**480-295-3470**

6

2:09-bk-12853

LOCAL SAMPLE FORM 13-2.  PLAN ANALYSIS

Debtor(s):  **Marek R Datz**
**Elzbieta Datz**                          Case No.: _____

Prior:      Chapter 7 ( )      Chapter 13 ( )      Date: **June 10, 2009**

TOTAL DEBT AND ADMINISTRATE EXPENSES
PROVIDED FOR BY THE PLAN

| | | |
|---|---|---|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ 3,000.00 |
| B. | PRIORITY CLAIMS | $ 0.00 |
|  | 1.    Taxes | $ 0.00 |
|  | 2.    Other | $ 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ 7,236.00 |
| D. | PAYMENTS ON SECURED CLAIMS | $ 13,465.40 |
| E. | PAYMENTS ON OTHER CLASS | $ 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ 15.40 |
| G. | SUB-TOTAL | $ 23,716.80 |
| H. | TRUSTEE'S COMPENSATION (__10__% of debtor's payments) | $ 2,635.20 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ 26,352.00 |

RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
|  | 1.    Value of debtor's interest in nonexempt property | $ 0.00 |
|  | 2.    Value of property recoverable under avoiding powers | $ 0.00 |
|  | 3.    Less: Estimated Chapter 7 administrative expenses | $ 0.00 |
|  | 4.    Less: Priority claims | $ 0.00 |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ 0.00 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ 15.40 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.